# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

|  |  |
|---|---|
| CORTEZ DELANO PETERSON, | CASE NO. 3:25-CV-00679 |
| Petitioner, | JUDGE BENITA Y. PEARSON |
| vs. | |
| WARDEN ANGELA STUFF, | MAGISTRATE JUDGE AMANDA M. KNAPP |
| Respondent. | **REPORT AND RECOMMENDATION** |

On March 31, 2025, Petitioner Cortez Delano Peterson ("Mr. Peterson" or "Petitioner") filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, asserting five grounds for relief and challenging his sentence and convictions for possession of and trafficking in a fentanyl related compound with major drug offender specification and resisting arrest.[1]  (ECF Doc. 1 ("Petition").)  On June 20, 2025, Petitioner filed a motion to stay.  (ECF Doc. 5 ("Motion to Stay").)  On July 7, 2025, Respondent filed her Return of Writ, which also contained arguments in opposition to Petitioner's Motion to Stay.  (ECF Doc. 6.)  Petitioner requested and was granted an enlargement of time until September 20, 2025, to file his Traverse and reply in support of his Motion to Stay.  (*See* Non-Document Order dated August 7, 2025.)   Petitioner did

---

[1] "Under the mailbox rule, a habeas petition is deemed filed when the prisoner gives the petition to prison officials for filing in the federal courts." *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266, 273 (1988)). The Petition was placed in the prison mailing system on March 31, 2025 (ECF Doc. 1, p. 16) and docketed on April 7, 2025 (ECF Doc. 1).

not file a Traverse or reply in support of his Motion to Stay.  Instead, on September 23, 2025, he filed a new "Motion to stay and Abeyance or dismiss habeas corpus petition."  (ECF Doc. 8 ("Motion to Stay or Dismiss").)  On September 30, 2025, Respondent filed a response to Mr. Peterson's Motion to Stay or Dismiss, opposing the motion for stay and abeyance of the Petition but not opposing the alternate motion to dismiss.  (ECF Doc. 9.)

Both motions are ripe for review.  The undersigned hereby submits this Report and Recommendation, recommending that the Court **DENY** Petitioner's Motion to Stay (ECF Doc. 5) and **DENY in part** and **GRANT in part** Petitioner's Motion to Stay or Dismiss (ECF Doc. 8).  With respect to Petitioner's Motion to Stay or Dismiss (ECF Doc. 8), the undersigned recommends that the Court (1) **DENY** Petitioner's motion to stay; and (2) **GRANT** Petitioner's motion to dismiss, dismiss the Petition without prejudice, and equitably toll the AEDPA statute of limitations subject to the conditions set forth in Section IV, *infra*.

## I.      Petitioner's Grounds for Relief

In his Petition, Mr. Peterson raises the following grounds for relief:

**GROUND ONE**: Trial court erred in denying motion to suppress evidence.

**Supporting Facts**: Nothing to support Tpr. Lawson to even follow me the day of my arres[]t was ever presented.  No speed radar data to say I was driving 72 mph in 70 m.p.h. zone.  Dash-cam shows no near accident with white pick-up truck, as Trp Lawson is too far back to see distance between the van I was driving and the pick-up truck.  Also no marijuana was ever found.  Which was Tpr Lawson reason for further criminal activity. (No testing was done on cigars.)

**GROUND TWO**: Trial court erred in denying right of self representation.

**Supporting Facts**: I requested to represent myself in open court.  My mind was sound and my request was reasonable.  I had an attorney that would and did not do so many things that I asked of him.  The judge denied my request when I asked after giving valid reasons for this request.

**GROUND THREE**: Trial court denied, providing funds for an investigator and did not hold an ex-parte hearing on matter.

**Supporting Facts**: An investigator was needed to contact and find people that I could not as I was incarcerated. Such as the rental agency and the person who rented the car. Also to find the person I was to meet that day of my arrest. And an ex-parte hearing was never conducted on this matter as court rules require.

**GROUND FOUR**: Cumulative Error.

**Supporting Facts**: All the previous errors noted, made it impossible to have a fair trial, or chance of freedom as the errors tainted the jury's ability to judge fairly.

**GROUND FIVE**: Ineffective assistance of counsel.

**Supporting Facts**: My trial counsel did nothing I asked to provide me with a sufficient defense. He never called any witnesses I requested, such as the woman who rented the car. He also never subpoenaed the car rental agency for what could have been important testimony. He never submitted a motion to have the drugs bags tested for touch d.n.a. and fingerprints. All of which I requested of him.

(ECF Doc. 1, pp. 5-11.)

## II.     Petitioner's Motions to Stay or Dismiss

**A.     June 2025 Motion to Stay**

In his first Motion to Stay, Mr. Peterson simply asks the Court to stay this case "for a period of sixty (60) days" so that he may "address some sentencing issues on the lower court level, that [he] discovered while reviewing some transcripts." (ECF Doc. 5.) He does not specify what sentencing issues he intends to address in state court, nor does he explain how those sentencing issues or the anticipated state court proceedings relate to the claims in his Petition.

Respondent includes an argument in opposition to the Motion to Stay in the Answer / Return of Writ. (ECF Doc. 6, pp. 33-35.) First, Respondent observes that a stay is only available under *Rhines v. Weber*, 544 U.S. 269 (2005), for "mixed petitions" that contain both exhausted and unexhausted claims for relief, and argues that the Petition is not "mixed" because "all five of the grounds in [the] petition have been either exhausted or are procedurally defaulted." (ECF Doc. 6, p. 33.) Second, even if Petitioner could obtain leave of court to add

additional claims for relief relating to the unspecified "sentencing issues" described in the

Motion to Stay, Respondent argues that the motion fails to demonstrate—as required under

*Rhines*—that (1) Petitioner had "good cause" for not presenting the relevant issues to the state

courts before filing the Petition and (2) the unexhausted claims are not "plainly meritless."  (*Id.*

at pp. 33-34.)  In conclusion, Respondent observes that Mr. Peterson is not precluded from

separately pursuing remedies in state court that are unrelated to the Petition.  (*Id.* at p. 35.)

**B.**     **September 2025 Motion to Stay or Dismiss**

Instead of filing a Traverse, Mr. Peterson filed a Motion to Stay or Dismiss asking this

Court to "dismiss or hold and stay [his] petition in abeyance" for the following reason:

> I was sentenced on August 23, 2022, that was journalized on August 24, 2022.  My
> direct appeal was filed on September 1, 2022.  On September 16, 2022 the
> sentencing judge made a Nunc pro tunc entry.  Which defers from the oral
> pronouncement in the presence of the defendant at sentencing, with-out this
> petitioner being present nor aware of until July 2025 by records provided by the
> attorney general's office.  A clear and direct violation of criminal rule 36.  In
> support (UNITED STATES V. BERGMAN, 836 f.2d 1220).  Thus this court lacks
> jurisdiction at this time through no fault of this petitioner, and seeks to have this
> issue and others settled at a state level as I had no knowledge of actions made by
> the courts and counsel.

(ECF Doc. 8.)  He again does not clearly specify what relief he intends to seek in state court,

except to say that he will "seek[] to have this issue"—apparently the alleged violation of criminal

rule 36 resulting from the entry of a nunc pro tunc entry that differed from the court's oral

pronouncement at sentencing—"and others settled at a state level."  (*Id.*)

Respondent does not oppose Mr. Peterson's new request to dismiss the Petition, but

continues to oppose his request to stay the case.  (ECF Doc. 9, p. 1.)  In doing so, Respondent

takes a different position from her prior briefing on one issue: whether the Petition is a "mixed

petition" that contains both exhausted and unexhausted claims for federal habeas relief.  Contrary

to her prior assertion that the Petition was not "mixed" because all unexhausted claims were

4

procedurally defaulted (ECF Doc. 6, p. 33), Respondent now argues that the Petition "is clearly a 'mixed' petition as defined in *Rhines v. Weber* because it contains three exhausted claims and several unexhausted claims" (ECF Doc. 9, p. 5).  Consistent with her present description of the Petition as "mixed," Respondent now asks this Court to "grant Petitioner's request to dismiss his petition without prejudice, in accordance with *Rose v. Lundy*, 455 U.S. 509, 510 (1982)."  (*Id.*) As to the motion to stay, Respondent continues to argue that Petitioner failed to show (1) "good cause" for his failure to exhaust all claims before filing the Petition and (2) that his unexhausted claims are not "plainly meritless."  (*Id.* at pp. 2-4.)

### III.    Law and Analysis

### A.    The Motions to Stay Should be Denied

After initially requesting a sixty day stay (ECF Doc. 5), Mr. Peterson now seeks to stay proceedings and hold them in abeyance while he "settle[s]" certain issues "at the state level," including issues relating to alleged criminal rule violations and/or jurisdictional problems arising from the filing of a nunc pro tunc entry that differed from the oral pronouncement at sentencing, which was filed after Petitioner's direct appeal and without notice to Petitioner (ECF Doc. 8).  In support of his motion, Mr. Peterson reports that he did not become aware of the issues regarding the nunc pro tunc entry until July 2025, when he received the state court record in this case.  (*Id.*)

Although Respondent no longer disputes that the Petition is a "mixed petition" containing both exhausted and unexhausted claims (*compare* ECF Doc. 6, pp. 33-34 *with* ECF Doc. 9, p. 5), she argues that a stay is not appropriate because Petitioner has not shown "good cause" for his failure to timely exhaust all claims for relief, and because the claims in the Petition "are either plainly meritless or are non-cognizable on habeas review."  (ECF Doc. 9, pp. 2-4.)

A state prisoner with federal constitutional claims must fairly present them in state court before raising them in a federal habeas corpus action.  28 U.S.C. § 2254(b)(1)(A); *see O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).  Even where a petitioner presents a "mixed petition" containing both exhausted and unexhausted claims, comity requires that state courts be given the first opportunity to review the unexhausted claims.  *See Rose*, 455 U.S. at 518-19.  But there is a concern that the exhausted claims will become time-barred under the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act ("AEDPA") if a mixed petition is dismissed while a petitioner pursues the unexhausted claims in state court.  That is why the Supreme Court clarified in *Rhines* that a district court with a "mixed petition" may stay the case and permit the petitioner to present his unexhausted claims to the state court before the federal court undertakes review of the petition. *See* 544 U.S. at 277.

Under *Rhines*, a "stay and abeyance" is available where the district court determines that: (1) there was good cause for the petitioner's failure to exhaust the relevant claims first in state court; (2) the unexhausted claims are not plainly meritless; and (3) the petitioner has not engaged in abusive litigation tactics or intentional delay.  *Id.*  The *Rhines* Court cautioned that stay and abeyance should be used sparingly because frequent use could undermine AEDPA's goals of "'reduc[ing] delays in the execution of state and federal criminal sentences'" and streamlining federal habeas proceedings by encouraging petitioners to seek relief first from the state courts. *Id.* at 276-77 (quoting *Woodford v. Garceau*, 538 U.S. 202, 206 (2003)).

In this case, the undersigned agrees with Respondent that Petitioner has not met his burden to show that a stay and abeyance is appropriate under the *Rhines* standard.  While Mr. Peterson has provided the Court with some information regarding the issue(s) he intends to raise

in the state courts—i.e., alleged criminal rule violations and/or jurisdictional issues arising from a nunc pro tunc entry that was filed after the direct appeal and without notice to Petitioner—he has not made it clear how the intended state court proceedings would relate to the exhaustion of either existing claims in the Petition or other federal habeas claims that Petitioner plans to seek leave to add to the Petition.  Without such information, this Court lacks the information needed to properly assess (1) whether Petitioner had "good cause" for failing to exhaust the relevant remedies before filing the Petition and (2) whether any federal habeas claims at issue were "plainly meritless."  *See Rhines*, 544 U.S. at 277.  Like other federal courts, the undersigned finds Petitioner's failure to satisfy these two *Rhines* factors supports the denial of his motions to stay these proceedings and hold them in abeyance pending the conclusion of the anticipated state court proceedings.  *See, e.g., Esters v. Vashaw*, No. 1:20-CV-12882, 2021 WL 6495041, at *2 (E.D. Mich. June 30, 2021).

While Mr. Peterson has made no argument for a stay under any other standard, it is nevertheless observed that district courts do retain equitable authority to stay proceedings where a stay is not specifically available under the *Rhines* standard.  *See, e.g., Clinton v. Jones*, 520 U.S. 681, 706 (1997) (noting a district court has "broad discretion to stay proceedings as an incident to its power to control its own docket"); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (noting that the power to stay proceedings "is incidental to the power inherent in every court to control the disposition of the causes on its docket"); *see also Rhines*, 544 U.S. at 276 (noting AEDPA did not deprive courts of their authority to stay cases).  In this case, Mr. Peterson's sparse briefing fails to demonstrate that this case warrants the use of such discretion.  He seeks to stay these proceedings without specifically explaining what steps he intends to take in the state courts and/or what ground(s) for federal habeas relief he intends to pursue following that return.

7

Accordingly, the undersigned concludes that Mr. Peterson has failed to show that a stay and abeyance may be appropriately granted in this case.

**B.      The Motion to Voluntarily Dismiss the Petition Should Be Granted**

As an alternative to stay and abeyance, Mr. Peterson asks this Court to dismiss his Petition while he seeks to have the issues identified above "settled at the state level."  (ECF Doc. 8.)  Respondent joins in requesting that the Court grant Petitioner's motion to dismiss the case without prejudice, arguing that dismissal is consistent with *Rose v. Lundy*.  (ECF Doc. 9, p. 5.)

The U.S. Supreme Court in *Rose* required federal district courts to dismiss "mixed" federal habeas petitions containing claims that had not been exhausted in the state courts.  *See* 455 U.S. at 510.  Petitioners in cases involving "mixed petitions" are therefore left "with the choice of returning to state court to exhaust [their] claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." [2]  *Id.*

Here, Respondent concedes that three of Petitioner's claims were properly exhausted in the state courts and does not seek dismissal of those claims as time barred.  (ECF Doc. 6; ECF Doc. 9, p. 2.)  Respondent also concedes that the Petition is a "mixed petition" because Petitioner did not exhaust certain other claims asserted in the Petition.  (ECF Doc. 9, p. 5.)  However, as discussed above, it is not clear from the limited discussion in Mr. Peterson's motion whether the state court proceedings he seeks to initiate are intended to exhaust one or more of his existing habeas claims, to exhaust other federal habeas claims that he will seek to assert in the future, or to address unrelated matters that are collateral to these federal habeas proceedings.

---

[2] *Rhines* later established the stay and abeyance procedure discussed above as an alternative to such dismissals, in light of concerns that some exhausted claims may become time-barred under AEDPA following a dismissal under *Rose*.  *See Rhines*, 544 U.S. at 277.

While Petitioner has not clearly articulated his purpose in pursuing further state court proceedings, at least as it relates to his federal habeas petition, he *has* plainly stated that he wants to voluntarily dismiss this case while he pursues those remedies in state court.  (*See* ECF Doc. 8.) Under Federal Rule of Civil Procedure 41(a)(2),[3] he may request the dismissal of this action "only by court order, on terms that the court considers proper."[4]  "Whether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court." *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994).  The primary purpose of the requirement for court approval is to protect the nonmovant from unfair treatment.  *See Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc.*, 583 F.3d 948, 953 (6th Cir. 2009) (citing *Grover*).  Thus, it is generally appropriate to grant the requested dismissal unless "the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice."  *Id.*

Here, Respondent joins Mr. Peterson in seeking dismissal of the Petition, and does not argue that she will suffer any prejudice because of the requested dismissal without prejudice. (ECF Doc. 9, p. 5.)  Accordingly, the undersigned concludes that the dismissal of the Petition without prejudice is an appropriate remedy under Rule 41(a)(2).

Turning to the "terms that the court considers proper" for the requested dismissal under Rule 41(a)(2), the undersigned again notes Respondent's concession that three grounds for relief in the present Petition were properly exhausted, and apparent concession that those three grounds for relief are also not (yet) time-barred under AEDPA.  Because Mr. Peterson's request to

---

[3] Federal Rule of Civil Procedure 41 applies to federal habeas petitions.  See Rule 12 of the Rules Governing Section 2242 Cases in the United States District Courts; *Aleman v. Hudson*, No. 1:07CV739, 2008 WL 821091, at *1 (N.D. Ohio Mar. 25, 2008).

[4] Alternately, Federal Rule of Civil Procedure 41(a)(1)(A)(i)-(ii) provides that an action may be dismissed without a court order upon the filing of "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment" or upon the filing of "a stipulation of dismissal signed by all parties who have appeared." Since neither of those situations is applicable here, Rule 41(a)(2) is the provision under which Petitioner seeks relief.

dismiss the Petition while he pursues additional state court remedies suggests that he is seeking to exhaust remedies relevant to present or future federal habeas claims, the undersigned is concerned that the requested dismissal without prejudice may "be a hollow victory" if Mr. Peterson returns to federal court after exhausting state remedies for some federal habeas claims only to learn that the statute of limitations has expired as to other federal habeas claims that are set forth in the Petition. *See Papenfus v. Tibbals,* 289 F. Supp. 2d 897, 902 (N.D. Ohio 2003).

Courts have addressed similar concerns through the application of prospective equitable tolling. *See, e.g., Papenfus*, 289 F. Supp. 2d 897, 903; *Kearns v. Ohio Adult Parole Auth.*, No. 5:22-CV-00390, 2022 WL 19334260, at *9 (N.D. Ohio Dec. 28, 2022), *report and recommendation adopted*, No. 5:22-CV-00390, 2023 WL 2734742 (N.D. Ohio Mar. 31, 2023); *Moon v. Robinson*, No. 1:12CV1396, 2013 WL 3991886, at *8 (N.D. Ohio Aug. 2, 2013); *Thompson v. Shelton*, No. 3:13-CV-00529, 2014 WL 223378, at *9 (N.D. Ohio Jan. 21, 2014).

To be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Kincade v. Wolfenbarger*, 324 F. App'x 482, 487 (6th Cir. 2009) (citations and internal quotation marks omitted). Here, the record suggests that Mr. Peterson timely asserted and exhausted his state court remedies as to three federal habeas claims before discovering a nunc pro tunc sentencing entry: (1) that he asserts differed substantively from the oral sentence imposed at his sentencing hearing; (2) that was filed after his direct appeal; and (3) that he asserts he had no knowledge of until he reviewed the state court record filed in this case. The undersigned finds such circumstances support the application of limited prospective equitable tolling to the federal habeas claims set forth in the Petition while Mr. Peterson pursues further remedies in state court relating to the recently discovered nunc pro tunc entry.

While the undersigned concludes that limited prospective equitable tolling is appropriate in this case, such tolling should be limited in a way that accounts for Respondent's "competing interest in finality" by including conditions that are aimed at moving the case forward without significant delay.  *See Moon*, 2013 WL 3991886, at *8 (citing *Hargrove v. Brigano*, 300 F.3d 717, 721 (6th Cir. 2002)); *Thompson*, 2014 WL 223378, at *9 (same); *Kearns*, 2022 WL 19334260, at *9 (citing *Moon* and *Thompson*).  Accordingly, in the interest of equity, the undersigned recommends that prospective equitable tolling be applied to the claims in the Petition only if Mr. Peterson: (1) initiates proceedings to exhaust his state court remedies relating to the nunc pro tunc entry described in his Motion to Stay or Dismiss within thirty (30) days of this Court's order of dismissal; and (2) returns to seek habeas corpus relief from the federal courts within thirty (30) days of the exhaustion those state court remedies.

## IV.    Recommendation

Accordingly, for the reasons explained above, the undersigned recommends that the Court **DENY** Petitioner's Motion to Stay (ECF Doc. 5) and **DENY in part** and **GRANT in part** Petitioner's Motion to Stay or Dismiss (ECF Doc. 8).  As to Petitioner's Motion to Stay or Dismiss (ECF Doc. 8), the undersigned recommends that the Court: (1) **DENY** Petitioner's motion to stay; and (2) **GRANT** Petitioner's motion to dismiss, dismiss the Petition without prejudice, and equitably toll the AEDPA statute of limitations on the following conditions:

1) Petitioner shall initiate proceedings to exhaust his state court remedies relating to the nunc pro tunc entry discussed in his Motion to Stay or Dismiss within thirty (30) days of this Court's order of dismissal; and

2) Petitioner shall return to seek habeas corpus relief from the federal courts within thirty (30) days of the exhaustion of those state court remedies.

January 2, 2026                                    *s/ Amanda M. Knapp*
                                                   AMANDA M. KNAPP
                                                   UNITED STATES MAGISTRATE JUDGE

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document.  Failure to file objections within the specified time may forfeit the right to appeal the District Court's order.  *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).